WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marco Antonio Jimenez, | No. CV-14-02444-PHX-BSB |
| Plaintiff, | **ORDER** |
| v. | |
| Phoenix Police Department, et al., | |
| Defendants. | |

This matter is before the Court on its own review. On November 4, 2014, Plaintiff commenced this action and requested leave to proceed in forma pauperis. (Docs. 1, 2.) Plaintiff then filed several supplements to his Complaint alleging additional facts and legal theories. (Docs. 8, 9, 10.)

The Court granted Plaintiff in forma pauperis status. (Doc. 11.) However, Plaintiff's supplements made it unclear whether Plaintiff intended to litigate the claims in his Complaint, or whether he wanted to file an Amended Complaint that included additional allegations. Therefore, on December 18, 2014, the Court struck Plaintiff's supplements and ordered Plaintiff either to file an Amended Complaint that included all of his factual and legal allegations, or to notify the Court that he wished to proceed on only the factual and legal allegations included in the Complaint. (Doc. 11 at 3.)

The Court warned Plaintiff that failure to comply with the December 18, 2014 Order could result in dismissal of his case for failure to comply with Court orders pursuant to Fed. R. Civ. P. 41(b). (Doc. 11 at 4.) The January 5, 2015 deadline to

respond to the December 18, 2014 Order has passed, and Plaintiff has not filed an Amended Complaint, notified the Court that he wishes to proceed on the claims in his Complaint, or otherwise responded to that Order. The Court could dismiss this action based on Plaintiff's failure to comply with the December 18, 2014 Order. *See* Fed. R. Civ. P. 41(b). However, in an abundance of caution and in view of the procedural history of this case, the Court interprets Plaintiff's failure to respond to its December 18, 2014 Order as an indication that he wishes to proceed only on the claims in his Complaint (Doc. 1), and screens that pleading pursuant to 28 U.S.C. § 1915(e)(2).

## I.     Legal Standard — 28 U.S.C. § 1915(e)(2)

When a party has been granted in forma pauperis status, the district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue," or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Although much of § 1915 details how prisoners can file proceedings in forma pauperis, § 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

"[A] complaint containing both factual allegations and legal conclusions is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Furthermore, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or wholly incredible, whether or not there are judicially recognized facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

## II.    The Allegations in Plaintiff's Complaint

On November 4, 2014, Plaintiff filed a Complaint in this Court against the City of Phoenix Police Department, the Maricopa County Sheriff's Office (MCSO), the Maricopa County Attorney's Office (MCAO), the State of Arizona, and the District Court

1  of Arizona.  (Doc. 1.)  Plaintiff claims that on July 2, 2008, he was falsely charged with
2  assaulting a police officer and was detained in the Maricopa County Jail.  (Doc. 1 at 1.)
3  He further argues that he was later assigned to administrative segregation where the
4  MCSO served him "cold beans and maggots, and wormwood" and graham crackers with
5  "peanut butter [that] was possibly laced with arsenic" to try to "do away" with Plaintiff
6  because he had filed lawsuits against the MCSO.  (*Id*. at 1-2.)

7  Plaintiff further alleges that after he filed claims against the City of Phoenix, the
8  State of Arizona, the MCSO, and the MCAO, the MCSO bribed the judges involved in
9  those suits to find the cases moot or frivolous, and the bribes were in the amount of 60
10 million dollars, the "same amount Plaintiff was claiming" in his lawsuits.  (*Id.*)

11 Plaintiff requests the following relief: "all civil remedies, criminal penalties
12 imposed," subpoenas against the defendants to show up in the courts of Arizona, fair and
13 speedy trials, and an audit regarding why there has been an abuse of discretion by the
14 courts.  (*Id.* at 3.)

15 Although Plaintiff does not specifically identify the basis for the Court's
16 jurisdiction, liberally construing the Complaint, he appears to allege claims under 42
17 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
18 403 U.S. 388 (1971).

19 **III.    Plaintiff's Complaint Fails to State a Claim**

20 To state a claim under § 1983, a plaintiff must allege facts supporting that (1) the
21 conduct about which he complains was committed by a person acting under the color of
22 state law, and (2) the conduct deprived him of a federal constitutional or statutory right.
23 *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir. 1989).  In addition, a plaintiff must
24 allege that he suffered a specific injury as a result of the conduct of a particular defendant
25 and he must allege an affirmative link between the injury and the conduct of that
26 defendant.  *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

27 To state a *Bivens* claim, a plaintiff must allege that persons acting under color of
28 federal law violated his constitutional rights.  *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.

1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)). Thus, an action under *Bivens* is identical to one brought pursuant to 42 U.S.C. § 1983 except for the replacement of a state actor under § 1983 by a federal actor under *Bivens. Id*.

### A. The City of Phoenix Police Department

Plaintiff lists the "City of Phoenix Police Department" as a Defendant. A municipal police department is not a "person" within the meaning of § 1983. *See Shivers v. City of Phoenix Police Dep't.*, 2010 WL 2802521, at *2 (D. Ariz. Jul. 14, 2010) (citing *Petaway v. City of New Haven Police Dep't*, 541 F.Supp.2d 504, 510 (D. Conn. 2008)); *Pahle v. Colebrookdale Twp.*, 227 F.Supp.2d 361, 366 (E.D. Pa. 2002). However, a municipality is a "person" for purposes of § 1983 and, therefore, a municipality such as a city or county, may be sued. *See Leatherman v. Tarrant Cnty Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 166 (1993); *Monell v. Dep't of Soc. Servs of the City of New York*, 436 U.S. 658, 694 (1978). To state a claim against a municipality under § 1983, a plaintiff must allege facts that his constitutional rights were violated pursuant to a policy, practice, or custom of the municipality. *Cortez v. County of Los Angeles*, 294 F.3d 1186, 1188 (9th Cir. 2001) (citing *Monell*, 436 U.S. at 690-91). Thus, a municipality may not be sued solely because an injury was inflicted by one of its employees or agents. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).

Therefore, a § 1983 claim against a municipal defendant "cannot succeed as a matter of law" unless a plaintiff: (1) contends that the municipal defendant maintains a policy or custom pertinent to the plaintiff's alleged injury; and (2) explains how such policy or custom caused the plaintiff's injury. *Sadoski v. Mosley*, 435 F.3d 1076, 1080 (9th Cir. 2006) (affirming dismissal of a municipal defendant pursuant to Fed. R. Civ. P. 12(b)(6)).

The City of Phoenix Police Department is not a proper Defendant and it will be dismissed. To the extent that Plaintiff is attempting to sue the City of Phoenix, he fails to allege facts to support that the City of Phoenix maintained a policy, practice, or custom

that resulted in the violation of Plaintiff's federal constitutional rights or to explain how his injuries were caused by any municipal policy, practice or custom. Accordingly, Plaintiff also fails to state a claim against the City of Phoenix.

### B.     The Maricopa County Sheriff's Office (MCSO)

Plaintiff also lists the MCSO as a Defendant. However, the MCSO is not a proper defendant under § 1983. In Arizona, the responsibility of operating jails and caring for prisoners is placed by law upon the sheriff. *See* Ariz. Rev. Stat. § 11-441(A)(5); Ariz. Rev. Stat. § 31-101. A sheriff's office is an administrative creation of the county sheriff to allow him to carry out his statutory duties and is not a "person" amenable to suit pursuant to § 1983. *See Wilson v. Maricopa County*, 2005 WL 3054051, at *2 (D. Ariz. Nov. 15, 2005) (concluding that the MCSO is not a jural entity separate from Maricopa County and dismissing the plaintiff's claims against the MCSO). Accordingly, the Maricopa County Sheriff's Department will be dismissed from this action.

Furthermore, even if the MCSO were a proper defendant, Plaintiff claims against the MCSO are time barred. Plaintiff alleges that, in 2008, the MCSO fed him cold beans, maggots, wormwood, and food laced with arsenic in retaliation for him filing lawsuits against the MCSO. (Doc. 1 at 2.) Plaintiff also alleges that "during that same time" the MCSO bribed judges to persuade them to dismiss Plaintiff's claims as moot or frivolous. (*Id.*) These claims allege events that occurred outside the two-year statute of limitations that applies to his claims under § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007) (Section 1983 does not contain its own statute of limitations, and thus federal courts apply the state statute of limitations for personal injury claims in § 1983 actions.); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."); *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 984 (9th Cir. 2004) ("For these claims, we borrow Arizona's statute of limitations for personal injury claims . . .The applicable

- 5 -

statute of limitations for personal injury claims in Arizona is two years." (citations omitted)).

### C. The Maricopa County Attorney's Office (MCAO)

Plaintiff also lists the MCAO as a Defendant. It is not, however, a proper defendant under § 1983. A "person" for purposes of § 1983, includes officials or officers who directly violated or caused a violation of a plaintiff's constitutional rights and, as discussed above, a municipality if the plaintiff's constitutional injuries were the result of an official policy or custom of the municipality. *Cortez*, 294 F.3d at 1188 (citing *Monell*, 436 U.S. at 690-91). In other words, a plaintiff must allege that action taken pursuant to official municipal policy violated his constitutional rights. *Berry v. Baca*, 379 F.3d 764, 767 (9th Cir. 2004). The MCAO is neither an individual nor a municipality, therefore, it is not a "person" within the meaning of § 1983. Accordingly, it will be dismissed as a Defendant.

### D. The State of Arizona

Plaintiff also lists the State of Arizona as a Defendant. Under the Eleventh Amendment to the Constitution of the United States, a state or state agency may not be sued in federal court without its consent. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). In addition, neither the State of Arizona nor any State agency is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989) (holding that the term "person" as used in § 1983 did not include a State or State agency). Therefore, the Court dismisses the State of Arizona as a Defendant.

### E. The Arizona District Court

Finally, Plaintiff lists the United States District Court for the District of Arizona as a Defendant. Because the district court is a federal, not a state, entity, Plaintiff may be attempting to allege a *Bivens* claim against it. *See Bivens*, 403 U.S. 388. To state a *Bivens* claim, a plaintiff must allege that persons acting under color of federal law

violated his constitutional rights. *Martin v. Sias*, 88 F.3d 774, 775 (9th Cir.1996) (citing *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991)).

A *Bivens* claim can be brought only against federal officials in their individual capacities. A *Bivens* claim cannot be asserted directly against the United States, federal officials in their official capacities, *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001), or federal agencies, *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994). Accordingly, the United States District Court for the District of Arizona is not a proper defendant and will be dismissed.[1]

**IV.  Conclusion**

Plaintiff's Complaint fails to state a claim and the deficiencies identified in this Order cannot be cured by amendment. Accordingly, the Court dismisses the Complaint for failure to state a claim.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED** for failure to state a claim and the Clerk of Court is directed to terminate this action.

Dated this 16th day of January, 2015.

_____
Bridget S. Bade
United States Magistrate Judge

---

[1] Additionally, Plaintiff fails to state a claim against the City of Phoenix, the MCAO, and against the Arizona District Court because he does not allege that he suffered a specific injury as a result of the conduct of these Defendants and he does not allege an affirmative link between any injury and the conduct of these Defendants. *See Rizzo*, 423 U.S. at 371-72, 377.